FILED
97 SEP 17 PM 1:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BROWN, SR., and GLORIA BROWN, on behalf of themselves, and a class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST LIFE ASSURANCE COMPANY OF OKLAHOMA CITY, a corporation,<br><br>Defendant. | CASE NO. CV 96-B-2976-S |

ENTERED
SEP 17 1997

## MEMORANDUM OPINION

Currently before the court is the plaintiffs' Motion to Remand the case to state court. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the amount in controversy requirement has not been met and that the motion to remand is due to be granted.

### BACKGROUND

This case arose from an installment loan contract on which credit life insurance was written. Plaintiffs Robert Brown, Sr. and Gloria Brown (collectively, "plaintiffs") allege state law claims of fraud and unlawful overcharge of credit life insurance premiums, and request that this action be certified as a class action. Plaintiffs originally filed their Complaint in the Circuit Court for Jefferson County, Alabama, on January October 1, 1996. The *ad damnum* clauses contained in the Complaint specify that damages, including costs, fees, and interest, are not to exceed $49,900 for either the plaintiffs or any class members. Defendant First

13

Life Assurance Company of Oklahoma City subsequently removed this action to this court on the basis of this court's federal diversity jurisdiction on November 14, 1996. Soon thereafter, plaintiffs filed this Motion to Remand, contending that diversity jurisdiction is not proper because the amount in controversy requirement has not been met. Defendants counter that the amount in controversy requirement has been met.

## DISCUSSION

A defendant is permitted to remove a case to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based on federal question or diversity. A federal court has diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional amount. 28 U.S.C. § 1332. Because the parties in the present case are not disputing their diversity of citizenship, the only question before the court is whether the amount in controversy exceeds the minimum amount.[1]

Plaintiffs contend that federal diversity jurisdiction is not proper because the amount in controversy does not exceed the $50,000 minimum required for jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In cases where the amount in controversy requirement is not met, the court lacks subject matter jurisdiction and remand is

---

[1] Effective January 17, 1997, the amount in controversy must exceed $75,000 for a federal district court to have diversity jurisdiction. *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205, 110 Stat. 3847, 3850 (codified at 28 U.S.C. § 1332). Because this action was filed and removed prior to this effective date, the minimum amount in controversy required for this case remains at $50,000. 28 U.S.C. § 1332 (1994).

appropriate.

In the present case, the plaintiffs have made it clear that the amount in controversy does not exceed the $50,000 jurisdictional threshold. First, the plaintiffs' Complaint states:

> No federal causes of action are asserted, and Plaintiffs do not seek to recover any amount in excess of $49,900, including interest and costs of court. Specifically, and notwithstanding the separate demands for relief in the ad damnum clauses under each count in the Complaint, the Plaintiffs do not seek recovery in excess of $49,900 for all claims, theories and causes of action stated in the Complaint.

Pls.'s Compl. ¶ 4. The Complaint also makes explicit that the action does not involve punitive damages, *id.* at ¶ 6, and that "[t]he claim of each class member has a value less than $49,900, and no class member seeks compensatory damages, attorney fees, and costs in an amount greater than $49,900.00." *Id.* at ¶ 5. Furthermore, the *ad damnum* clauses following each count specifies a maximum of $49,900 in damages, costs, fees, and interest. Finally, the Complaint concludes with the following:

> **THIS ACTION IS BROUGHT PURSUANT TO THE COMMON LAW AND STATUTORY LAW OF THE STATE OF ALABAMA. NO CLAIM IS MADE UNDER ANY FEDERAL STATUTE OR FOR ANY FEDERAL CAUSE OF ACTION. NO SINGLE CLASS MEMBER POSSESSES ANY CLAIM FOR DAMAGES (INCLUDING CLAIMS FOR INTEREST AND ATTORNEY FEES), WHOSE VALUE EQUALS OR EXCEEDS FORTY-NINE THOUSAND NINE HUNDRED DOLLARS ($49,900.00).**

*Id.* at p. 8 (emphasis and capitalization in original). Given the explicitness of the plaintiffs' Complaint on this issue, the court accepts the plaintiffs' claim that the amount in controversy for this case, for the named plaintiffs and for each individual putative class member, does not exceed $49,900. Therefore, remand to state court is appropriate because diversity jurisdiction is lacking.

## CONCLUSION

Based on the foregoing, the court is of the opinion that this court lacks subject matter jurisdiction over the present action. As stated throughout the plaintiffs' Complaint, the amount in controversy does not exceed $49,900, falling below the minimum necessary for diversity jurisdiction. Therefore, plaintiffs' Motion to Remand is due to be granted. Should plaintiffs subsequently amend their Complaint to request damages exceeding $50,000, the court requests that the defendant promptly notify the court. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 17th of September, 1997.

SHARON LOVELACE BLACKBURN
United States District Judge

4